IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT H. KORN and ARLENE A. KORN<br><br>                    Plaintiffs,<br><br>       v.<br><br><br>CALIBER HOME LOANS, INC.<br><br>                    Defendant. | CIVIL ACTION NO.  19-226 |

## ORDER

The Amended Complaint alleges the following facts.  In 2006, Scott Korn borrowed approximately $3.15 million from Countrywide Home Loans, secured by Plaintiffs' marital home.  Plaintiffs disputed the validity of the security interest because Plaintiff Arlene Korn was not a borrower and did not sign a debt instrument.  After litigation in state court, the parties went to private mediation in 2010, which resulted in a confidential settlement agreement binding upon the Korns and any successors in interest to Countrywide.  Under the settlement agreement, the note and mortgage were modified to a fixed interest rate of four percent with monthly payments of $14,268.90 amortized over 40 years.  Countrywide also agreed to zero-out the escrow account (at the time more than $300,000) and the accrued interest account (at the time more than $500,000), with the accrued interest owed added to the loan balance.  The loan passed through various entities until LSF9 Master Participation Trust became the holder of the loan.[1]  Defendant Caliber Home Loans, Inc. is the servicer of the loan; Plaintiff alleges that Caliber is owned by

---

[1] LSF9 has filed a motion to intervene, which is not opposed.  The motion will be granted.

LSF9.  Plaintiffs allege that LSF9 and Caliber have attempted to collect the amount due on the loan without regard to the corrections required by the settlement agreement.   When the parties attempted renewed settlement negotiations in 2017, Plaintiffs allege that Caliber and LSF9 hired an appraiser who initially valued the property at $1.19 million.  A few days later, the appraiser told Scott Korn that Caliber and LSF9 had asked him to increase the property value, and the appraiser then issued a second appraisal with a valuation of $1.4 million.  Caliber and LSF9 have filed a mortgage foreclosure action against Plaintiffs in state court, where Plaintiffs filed this action before Caliber removed it to this Court.  Plaintiffs claim breach of contract, fraudulent misrepresentation, negligent misrepresentation, civil conspiracy, and violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA").[2]  Caliber moves to dismiss all claims.[3]

### A.  Breach of Contract

Under Pennsylvania law, which the parties agree applies here, a cause of action for breach of contract requires "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."[4]  Caliber argues that

---

[2] 73 P.S. § 2270.1, *et seq.*

[3] Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to demonstrate an entitlement to relief.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007).  The court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.  *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008). The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (internal quotation marks and citations omitted).

[4] *Omicron Sys., Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. Ct. 2004) (internal quotation marks and brackets omitted); *accord McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010) ("The necessary material facts that must be alleged for such an action are simple: there was a contract, the defendant breached it, and plaintiffs suffered damages from the breach.").

Plaintiffs cannot state a claim because they have not pleaded their own performance under the settlement agreement.  However, a plaintiff's performance is not a required allegation under Pennsylvania law, unlike in some other states.[5]  Caliber certainly may assert affirmative defenses or move for summary judgment if Plaintiffs failed to perform and nonperformance is not excused, but the failure to allege Plaintiffs' performance is not a basis for dismissal here.[6]

Caliber also argues that Plaintiffs cannot allege damages because they never made any payments, but Plaintiffs have alleged that Caliber's breach of the settlement agreement caused them to become in default on the mortgage and led directly to the mortgage foreclosure action. In this unusual case, where the suit is not based on the mortgage documents, but on a separate settlement agreement, which has not been provided to the Court, the Court cannot rule as a matter of law that Plaintiffs have not alleged damages stemming from the claimed breach.[7]

---

[5] For example, under New York law, "[t]he essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach." *Mehrtens v. Fiduciary Trust Co. Int'l*, No. 92WDA2014, 2015 WL 7573091, at *4 (Pa. Super. Ct. 2015) (quoting *Canzona v. Atanasio*, 989 N.Y.S. 2d 44, 47 (N.Y.A.D. 2d Dep't 2014)).

[6] The only case cited by Defendant in support of this argument held that "[a]ssuming that performance is a necessary allegation . . . it is possible to *infer* performance" from the allegations of the counterclaim. *Aamco Automatic Transmissions, Inc. v. Tayloe*, 368 F. Supp. 1283, 1287 (E.D. Pa. 1973).  That decision did not determine that performance is a necessary allegation.

[7] Although the settlement agreement was not attached as an exhibit to the Amended Complaint, it is integral to and explicitly relied upon in the Amended Complaint such that Defendant could have attached it to the Motion to Dismiss and the Court could have considered the document without converting the motion to one for summary judgment.  *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal citations omitted).  Caliber does argue that a billing statement attached as an exhibit to the Amended Complaint shows that it complied with the agreement as to the interest rate charged and the payments due.  The document, however, is illegible, and the Court cannot determine without context whether it reflects the parties' agreement, particularly with regard to Plaintiffs' allegation that the agreement was violated with regard to the escrow account.

### B. Fraudulent and Negligent Misrepresentation

Fraud requires allegations of "(1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as a proximate result."[8]  Negligent misrepresentation similarly requires allegations of "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation."[9] Plaintiffs base these claims on the 2017 appraisals.  However, Plaintiffs allege that they were aware of both appraisals, and the purported reasons why a second appraisal was ordered.  Given that they had all of this information at the time the appraisals were prepared, Plaintiffs cannot have justifiably relied upon any alleged misrepresentations.  These claims will be dismissed.

### C. FCEUA

The FCEUA prohibits, in relevant part, "unfair or deceptive acts or practices with regard to the collection of debts,"[10] and applies to both debt collectors and creditors.[11]  Claims must be brought "within two years from the date on which the violation occurs."[12]  According to Plaintiffs' allegations, the failure to comply with the settlement agreement as to the escrow

---

[8] *Jester v. Hutt*, No. 18-3114, --- F.3d ---, 2019 WL 4050434, at *2 (3d Cir. Aug. 28, 2019) (internal quotation marks and citations omitted).

[9] *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 277 (Pa. 2005) (internal quotation marks and citation omitted).

[10] 73 Pa. Stat. § 2270.2.

[11] 73 Pa. Stat. § 2270.4.

[12] 73 Pa. Stat. § 2270.5(b).

balance, interest rate, and loan amount first occurred in 2010 when Countrywide held the loan. The Court will assume without deciding that Plaintiffs could bring a separate claim once LS9 acquired the loan and Caliber began servicing it and asserted incorrect amounts due, which the exhibits attached to the Amended Complaint show occurred no later than 2016.  Because this action was not filed until January 9, 2019, to the extent the claim relates to the 2010 settlement agreement, it is time-barred.[13]  To the extent that the claim is based upon the alleged misrepresentations concerning the 2017 appraisals, as explained above, Plaintiffs allege that they were told about both appraisals and the reasons for the second one at the time, and therefore cannot allege an ascertainable loss as a result of any prohibited action by Caliber, which is required to state a private claim under the statute.[14]

### D.  Civil Conspiracy

"In order to state a civil action for conspiracy, a complaint must allege: 1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in pursuance of the common purpose; and 3) actual legal damage."[15]  It is not at all clear whether LS9, the holder of the loan,

---

[13] *Cf. Peterson v. Portfolio Recovery Assocs.,* LLC, 430 F. App'x 112, 115 (3d Cir. 2011) (holding that a notice violation under the Fair Debt Collection Practices Act ("FDCPA") occurred with the initial communication and that such claims are not "subject to a so-called 'continuing violations' rule that would re-set the statute of limitations clock with each separate communication") (internal citations omitted); *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 131 (3d Cir. 2009) (holding that participation in ongoing debt litigation does not qualify as a continuing violation of the federal FDCPA, and stating that "[g]enerally, our decisions have limited the continuing violation doctrine to the employment discrimination context.") (internal citations omitted).  Although these cases relate to the FDCPA, Pennsylvania law recognizes the similarities between the two statutes such that "remedies available for violation of [the FCEUA] and the [FDCPA], shall not be cumulative . . . ." 73 P.S. § 2270.5(c).

[14] *Kern v. Lehigh Valley Hosp., Inc.*, 108 A.3d 1281, 1290 (Pa. Super. Ct. 2015).

[15] *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. Ct. 2004) (internal citation omitted).

and its wholly-owned subsidiary Caliber, the loan servicer, could conspire under the circumstances alleged here, but the Court need not determine that issue, because with the dismissal of the claims alleging fraudulent misrepresentations, Plaintiffs have failed to plead a "separate underlying intentional or criminal act" to support a civil conspiracy claim.[16]

**AND NOW**, this 27th day of September 2019, upon consideration of the pending motions and any responses thereto, it is hereby **ORDERED** that:

1.     The unopposed Motion to Intervene as a Defendant [Doc. No. 5] filed by non-party LSF9 Master Participation Trust, is **GRANTED**.  The Clerk is directed to **ADD** LSF9 Master Participation Trust as a Defendant.

2.     The Motion to Dismiss as to the original Complaint [Doc. No. 8] is **DISMISSED AS MOOT** as an Amended Complaint was filed.

3.     The Motion to Dismiss the Amended Complaint [Doc. No. 10] is **GRANTED in part and DENIED in part**.  The Motion is **DENIED** as to Count I (Breach of Contract) and **GRANTED** as to Counts II, III, IV and V.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

[16] *Id.*