IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| SCOTT H. KORN, <br> AND ARLENE A. KORN, <br>       Plaintiffs, <br> v. <br> CALIBER HOME LOANS, INC. <br>       Defendant. | Case No. 2:19-cv-00226 <br><br> Judge Cynthia M. Rufe |

## INTERVENOR-DEFENDANT LSF9 MASTER PARTICIPATION TRUST'S ANSWER TO AMENDED COMPLAINT

Intervenor-Defendant LSF9 Master Participation Trust ("LSF9"), by and through counsel and for its Answer to Plaintiffs' Amended Complaint, filed March 29, 2019 (the "Complaint"), states as follows:

### PARTIES

1. LSF9 admits the allegations of Paragraphs 1 and 2 of the Complaint.

### JURISDICTION AND VENUE

2. With respect to Paragraph 3 of the Complaint, LSF9 admits that Plaintiffs initially filed this action in the Court of Common Pleas of Montgomery County, Pennsylvania; that the Property is located in Montgomery County, Pennsylvania; and that jurisdiction and venue are proper in this Court. LSF9 denies the remaining allegations of Paragraph 3 of the Complaint.

3. LSF9 admits the allegations of Paragraph 4 of the Complaint.

### FACTS

4. LSF9 admits the allegations of Paragraph 5 of the Complaint.

5. With respect to Paragraph 6 of the Complaint, LSF9 admits that Countrywide[1] obtained and held a security interest in the Property. LSF9 denies the remaining allegations of Paragraph 6 of the Complaint.

6. LSF9 lacks information sufficient to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the allegations.

7. With respect to paragraph 8 of the Complaint, LSF9 admits that litigation has existed between Countrywide, Plaintiffs and various other parties and that the dockets of, and filings in, those cases speak for themselves. LSF9 denies the remaining allegations of Paragraph 8 of the Complaint.

8. With respect to paragraph 9 of the Complaint, LSF9 admits that Countrywide and Plaintiffs entered into the Confidential Settlement Agreement. LSF9 denies the remaining allegations of Paragraph 9 of the Complaint.

9. LSF9 states that the provisions of the Confidential Settlement Agreement speak for themselves and denies allegations of Paragraph 10 of the Complaint except as consistent with the same.

10. LSF9 denies the allegations of Paragraphs 11 to 13 of the Complaint.

11. With respect to Paragraph 14 of the Complaint, LSF9 admits that it is the holder and party with power to enforce the note associated with Plaintiffs' loan and that it conducts business in Pennsylvania.  LSF9 denies the remaining allegations of Paragraph 14 of the Complaint.

12. With respect to Paragraph 15 of the Complaint, LSF9 admits that Caliber is, on behalf of LSF9, the servicer of Plaintiffs' loan. LSF9 denies the remaining allegations of Paragraph 15 of the Complaint.

---

[1] Capitalized terms used herein and not otherwise defined are used as in the Complaint.

13. With respect to Paragraph 16 of the Complaint, LSF9 admits that both Ocwen and Caliber have serviced Plaintiffs' loan. LSF9 denies the remaining allegations of Paragraph 16 of the Complaint.

14. With respect to Paragraph 17 of the Complaint, LSF9 admits that Caliber has received letters from Scott Korn related to the Settlement and admits that Exhibit A to the Complaint is a true and accurate copy of a letter which Caliber received from Scott Korn. LSF9 denies the remaining allegations of Paragraph 17 of the Complaint.

15. LSF9 denies the allegations of Paragraphs 18 to 21 of the Complaint.

16. With respect to Paragraph 22 of the Complaint, LSF9 admits that Gerard Maddrey assisted in conducting an appraisal of the Property. LSF9 denies the remaining allegations of Paragraph 22 of the Complaint.

17. LSF9 denies the allegations of Paragraphs 23 to 34 of the Complaint.

## COUNT I- BREACH OF CONTRACT

18. In response to Paragraph 35 of the Complaint, LSF9 incorporates its responses to Paragraphs 1 to 34 of the Complaint as if fully rewritten herein.

19. In response to Paragraph 36 of the Complaint, LSF9 admits that Countrywide and Plaintiffs entered into the Confidential Settlement Agreement. LSF9 denies the remaining allegations of Paragraph 36 of the Complaint.

20. LSF9 states that the provisions of the Confidential Settlement Agreement speak for themselves and denies all allegations of Paragraph 37 of the Complaint except as consistent with the same.

21. LSF9 denies the allegations of Paragraphs 38 to 42 of the Complaint.

## COUNT II- FRAUDULENT MISREPRESENTATION

22. In response to Paragraph 43 of the Complaint, LSF9 incorporates its responses to Paragraphs 1 to 42 of the Complaint as if fully rewritten herein.

23. Count II of the Complaint has been dismissed and therefore a response is not required to Paragraphs 44 to 52 of the Complaint. To the extent a response is deemed necessary, LSF9 denies the allegations of Paragraphs 44 to 52 of the Complaint.

## COUNT III- NEGLIGENT MISREPRESENTATION

24. In response to Paragraph 53 of the Complaint, LSF9 incorporates its responses to Paragraphs 1 to 52 of the Complaint as if fully rewritten herein.

25. Count III of the Complaint has been dismissed and therefore a response is not required to Paragraphs 54 to 62 of the Complaint. To the extent a response is deemed necessary, LSF9 denies the allegations of Paragraphs 54 to 62 of the Complaint.

## COUNT IV- CIVIL CONSPIRACY

26. In response to Paragraph 63 of the Complaint, LSF9 incorporates its responses to Paragraphs 1 to 62 of the Complaint as if fully rewritten herein.

27. Count IV of the Complaint has been dismissed and therefore a response is not required to Paragraphs 64 to 68 of the Complaint. To the extent a response is deemed necessary, LSF9 denies the allegations of Paragraphs 64 to 68 of the Complaint.

## COUNT V- VIOLATION OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

28. In response Paragraph 69 of the Complaint, LSF9 incorporates by reference its responses to Paragraphs 1 to 68 of the Complaint as if fully rewritten herein.

29. Count V of the Complaint has been dismissed and therefore a response is not required to Paragraphs 70 to 76 of the Complaint. To the extent a response is deemed necessary, LSF9 denies the allegations of Paragraphs 70 to 76 of the Complaint..

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state claims upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Plaintiffs' claims are barred by the doctrine of laches.

5. Plaintiffs' claims are barred by the applicable statute of limitations.

6. LSF9 is the holder in due course of Plaintiffs' promissory note, and is therefore entitled to all the resulting rights and protections.

7. Plaintiffs' alleged injuries were caused in whole or in part by the actions or inactions of third parties over whom LSF9 had no control.

8. Plaintiffs' alleged injuries were caused in whole or in part by Plaintiffs' own actions or inactions.

9. The Complaint fails to state a claim upon which punitive damages or attorney fees can be granted.

10. Plaintiffs' claims for breach of contract are barred by Plaintiffs' failure to perform under the contract which Plaintiffs seek to enforce.

11. Plaintiffs' claims for breach of contract are barred by Plaintiffs' own material breach of contract.

12. LSF9 reserves the right to assert such additional or different affirmative and other defenses under all applicable state and federal law as may be discovered during the course of

discovery or additional investigation.

      WHEREFORE, LSF9 respectfully requests that this Court enter an Order that dismisses Plaintiffs' claims, grants judgment to LSF9, and that awards LSF9 its costs, expenses and reasonable attorneys' fees in defending this proceeding, and that it grants such other relief as is just and proper.

Dated:  October 7, 2019                            Respectfully submitted,

                                              */s/ Robert C. Folland*
                                              Robert C. Folland (PA No. 320318)
                                              BARNES & THORNBURG LLP
                                              41 South High Street, Suite 3300
                                              Columbus, OH  43215
                                              614-628-0096 (Telephone)
                                              614-628-1433 (Facsimile)
                                              Rob.Folland@btlaw.com
                                              *Counsel for Defendant LSF9 Home Loans, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on October 7, 2019, a copy of the foregoing was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

                                            */s/ Robert C. Folland*
                                            Robert C. Folland