IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT H. KORN *et al.*,** :<br>    :<br>        Plaintiffs,   :<br>    :<br>v.   :<br>    :<br>**CALIBER HOME LOANS, INC. *et al.*,** :<br>    :<br>        Defendants.   :<br>    : | Civil Action No. 2:19-cv-00226-CMR |

## NOTICE OF SUBPOENA TO JOSEPH KRAUSE

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30 and 45, Plaintiffs Scott H. Korn and Arlene A. Korn, by and through their attorneys, Mitts Law, LLC, intend to serve a subpoena, in the form attached hereto, on Joseph Krause on February 10, 2020, or as soon thereafter as service may be effectuated.  The subpoena calls for the deposition of Joseph Krause beginning at **10:00 a.m. on March 3, 2020**.  The deposition will be taken upon oral examination before a notary public or other person authorized by law to administer oaths.  The deposition shall be recorded by stenographic and/or videographic means at TransPerfect, 1717 Main Street, #5805, Dallas, TX 75201.  The deposition will continue from day to day until complete.  The deponent shall bring with him the documents listed at **Exhibit A** attached hereto.

Dated:  February 10, 2020

MITTS LAW, LLC
/s/ Maurice R. Mitts
Maurice R. Mitts, Esquire
Michael J. Duffy, Esquire
1822 Spruce Street
Philadelphia, PA  19103
(215) 866-0112 (telephone)
(215) 866-0113 (facsimile)
*Attorneys for Plaintiffs*

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Scott H. Korn, et al. <br> *Plaintiff* <br> v. <br> Caliber Home Loans, Inc. et al. <br> *Defendant* | ) ) ) ) ) ) Civil Action No. 2:19-cv-00226-CMR |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Joseph Krause, Caliber Home Loans, Inc., 1525 S. Belt Line Rd. Coppell, TX 75019

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: TransPerfect, 1717 Main St #5805, Dallas, TX 75201 | Date and Time: 03/03/2020 10:00 am |
|---|---|

The deposition will be recorded by this method:   Videographic and/or Stenographic Means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  Please see Exhibit A to the attached Notice of Subpoena.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/10/2020

*CLERK OF COURT*

OR

_____          /s/ Maurice R. Mitts
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs Scott and Arlene Korn , who issues or requests this subpoena, are:

Mitts Law, LLC, Maurice R. Mitts, 1822 Spruce St., Phila. PA 19103. Ph: 215-866-0112, Email: mmitts@mittslaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:19-cv-00226-CMR

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT H. KORN** *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 2:19-cv-00226-CMR |
| **CALIBER HOME LOANS, INC.** *et al.*, | : |
| Defendants. | : |

**EXHIBIT A TO NOTICE OF SUBPOENA
TO JOSEPH KRAUSE**

**DEFINITIONS**

1. "Bank of America" or "Bank of America Homes Loans" refers to the division of Bank of America Corporation that acquired the residential home loans previously held by Countrywide Mortgage.

2. "Caliber Home Loans" or "Caliber" refer to Defendant Caliber Home Loans, Inc. and all predecessor organizations and assignors.

3. "Communication" or "communications" means any writing or any oral conversation, of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, electronic communications, electronic messages or transmittals of documents, and all notes or other documents concerning such writing or such oral conversation. The term "electronic communications" shall be construed in the broadest sense permitted and, in particular, includes all forms of e-mail with all related attachments, and shall include all non-identical copies thereof,

including all electronic communications sent through e-mail accounts. This further includes, but is not limited to:

    a. Text messages, including but not limited to SMS messages;

    b. Online instant messaging services, including but not limited to Facebook Messenger, Skype, Hangouts, Yahoo Messenger, Kik, Snapchat, WhatsApp, Viber and any proprietary or internal messaging system utilized by a party;

    c. Social media posts, including but not limited to Facebook, Google+, YouTube, Instagram, Twitter, LinkedIn, Tumblr and Reddit; and

    d. Any other online services or applications.

    e. This further includes every manner of transmitting or receiving facts, information, opinions, thoughts, or images from one person to another person, whether orally, including by voice recording (such as in a telephone voicemail system), or in writing.

4.    "Countrywide" refers to Countrywide Mortgage, which was acquired by Bank of America Corporation.

5.    The terms "document" or "documents", as used herein, mean the original and all copies of any written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your possession, custody and/or control, wherever located including, but not limited to, any and all writings, drawings, graphs, charts, photographs, electronic mail and other data processing files and computer readable records, programs, and all other data compilations or information stored electronically or digitally in any form from which information can be obtained, transcribed and/or translated. Any copy containing thereon or having attached thereto any alterations, notes, comments, or other material not included in the originals or copies

referred to in the preceding sentence shall be deemed a separate document within the foregoing definition. The term "documents" includes, but is not limited to:

    (a)    All contracts, agreements, letter agreements, representations, warranties, certificates and opinions (whether written or oral);

    (b)    All letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and other messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

    (c)    All memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, publications, compilations and opinions or reports of consultants;

    (d)    All electronically stored information, as defined below;

    (e)    All desk calendars, appointment books and diaries;

    (f)    All minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

    (g)    All reports and summaries of interviews and negotiations;

    (h)    All books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

    (i)  All motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes (including without limitation analog or digital audio or video tapes using 8mm, DVD, VHS, standard cassette, or other recording formats) or other records, punch cards, magnetic tapes, discs, data cells, print outs and other data compilations from which information can be obtained; and

    (j)  Drafts of any document, revisions of drafts of any document and original or preliminary notes.

  6.  The term "<u>electronically stored information</u>," as used herein, means all files, data, e-mails and attachments and any other information, which may be stored on hard drives, online services, cloud drives, social media services, cell phones, servers, off-site data backups, magnetic tapes (including without limitation computer or network back-up tapes and drives), data disks (including without limitation floppy disks, hard disks, removable disks, thumb drives, SD cards, compact discs, or DVDs), personal digital assistants, data cells, print-outs, and other data compilations from which information can be obtained.  This term shall encompass active, archived and deleted e-mails, text messages and other electronically stored information or files.

  7.  "<u>LSF9</u>" refers to Defendant "LSF9 Master Participation Trust".

  8.  "<u>Ocwen</u>" means Ocwen Financial Corporation.

  9.  The term "<u>person</u>," as used herein, means any natural person, partnership, corporation, LLC or other business entity and all present and former officers, directors, agents, employees, attorneys and others acting or purporting to act on behalf of such natural person, partnership, corporation or other business entity.

  10.  "<u>Plaintiffs</u>" shall refer to Scott H. Korn and Arlene A. Korn.

11. The term "regarding" includes referring to, responding to, alluding to, concerning, analyzing, reflecting, commenting on, relating, relating to, discussing, showing, describing, reflecting, analyzing, constituting, including mentioning, comprising, bearing on, about, listing, evidencing, in respect of, pertaining to, touching on, affecting, and/or having any logical or factual connection, in whole or in part, directly or indirectly, with the subject matter within the paragraphs of this Notice.

12. "Settlement Agreement" refers to the November 17, 2010 confidential settlement agreement between Plaintiffs and Countrywide.

13. "You" and "Your" refer to Joseph Krause.

## INSTRUCTIONS

1. You are requested to produce all documents designated below which are in Your possession, custody or control, or in the possession, custody or control of Your counsel or any other person or entity acting or purporting to act in concert with You or on Your behalf, wherever located.

2. In construing these Requests, You should give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the request. Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term, You should use the definition that You believe to be the most accurate and state that definition in Your response.

3. ESI should be produced in native form, with original metadata. Each production of ESI should be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, file path, and MD5 hash value for each produced file. Each native file should be renamed with a Bates number and delivered

sequentially without gaps. Any ESI that is not text searchable in native form should be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form should be produced as single page TIFF images with document-level (multipage) searchable text (.TXT) files, rendered with OCR software. The source of the documents (*e.g.*, hard copy, scanned documents) should be identified. Load files for such productions should include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

   4.  Each Document should be produced to include all attachments and enclosures referred to in that Document or originally attached to or enclosed with that Document.

   5.  Should You withhold any documents or communications responsive to these Requests, You are requested to state the basis for withholding the documents and communications in a manner sufficient to enable Plaintiffs and the Court to evaluate the validity of Your withholding of such materials, including in the case of any documents and communications withheld on the grounds of privilege or work product, the following information for each document or communication:

    a. The Request to which the document is responsive;

    b. The title of the document;

    c. The date appearing on the document, and if no date appears thereon, so state and give the date, or approximate date, on which the document was prepared;

    d. The type or general nature of the document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.);

    e. The name, title, and affiliation of each person who prepared or assisted in

       the preparation of the document;

  f.   The name, title, and affiliation of each person who signed the document;

  g.   The name, title, and affiliation of each person to whom the document was disclosed, including the person or persons to whom it was addressed and the person or persons to whom the document, or copies of the document, were sent;

  h.   The name, title, and affiliation of the person or persons who maintain custody of the document; and

  i.   The general subject matter of the document and the basis for withholding the document, in a manner sufficient for Plaintiffs and the Court to determine the validity of Your claim of privilege and/or work product.

6.   If any document requested herein was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, You are directed to submit in lieu of each such document a written statement: (a) describing in detail the nature of the document and its contents; (b) identifying the person(s) who prepared or authored the documents and, if applicable, the person(s) to whom the document was sent or shown; (c) specifying, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of and reason(s) for such destruction and the person(s) requesting and performing the destruction, their employer(s) and positions.

7.   Your response to each Request shall be set forth separately in writing. If, after a good faith, diligent search for the documents requested herein, You conclude that there never have been any documents in existence responsive to a particular Request, so state.

8.   These Requests are deemed to be continuing in nature so as to require prompt

supplemental responses if You obtain or discover additional documents or information between the time of Your initial response to these Requests and the time of trial.

9.  Unless otherwise indicated, the time period covered by these Requests is from January 1, 2010, through the present.

### **INSTRUCTIONS**

1.  You are requested to produce all documents designated below which are in Your possession, custody or control, or in the possession, custody or control of Your counsel or any other person or entity acting or purporting to act in concert with You or on Your behalf, wherever located.

2.  In construing these Requests, You should give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the request. Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term, You should use the definition that You believe to be the most accurate and state that definition in Your response.

3.  ESI should be produced in native form, with original metadata. Each production of ESI should be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, file path, and MD5 hash value for each produced file. Each native file should be renamed with a Bates number and delivered sequentially without gaps. Any ESI that is not text searchable in native form should be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form should be produced as single page TIFF images with document-level (multipage) searchable text (.TXT) files, rendered with OCR software. The source of the documents (*e.g.*, hard copy, scanned documents) should be identified.

Load files for such productions should include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

4. Each Document should be produced to include all attachments and enclosures referred to in that Document or originally attached to or enclosed with that Document.

5. Should You withhold any documents or communications responsive to these Requests, You are requested to state the basis for withholding the documents and communications in a manner sufficient to enable Plaintiffs and the Court to evaluate the validity of Your withholding of such materials, including in the case of any documents and communications withheld on the grounds of privilege or work product, the following information for each document or communication:

    a. The Request to which the document is responsive;

    b. The title of the document;

    c. The date appearing on the document, and if no date appears thereon, so state and give the date, or approximate date, on which the document was prepared;

    d. The type or general nature of the document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.);

    e. The name, title, and affiliation of each person who prepared or assisted in the preparation of the document;

    f. The name, title, and affiliation of each person who signed the document;

    g. The name, title, and affiliation of each person to whom the document was disclosed, including the person or persons to whom it was addressed and the person or persons to whom the document, or copies of the document,

    were sent;

  h. The name, title, and affiliation of the person or persons who maintain custody of the document; and

  i. The general subject matter of the document and the basis for withholding the document, in a manner sufficient for Plaintiffs and the Court to determine the validity of Your claim of privilege and/or work product.

6. If any document requested herein was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, You are directed to submit in lieu of each such document a written statement: (a) describing in detail the nature of the document and its contents; (b) identifying the person(s) who prepared or authored the documents and, if applicable, the person(s) to whom the document was sent or shown; (c) specifying, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of and reason(s) for such destruction and the person(s) requesting and performing the destruction, their employer(s) and positions.

7. Your response to each Request shall be set forth separately in writing. If, after a good faith, diligent search for the documents requested herein, You conclude that there never have been any documents in existence responsive to a particular Request, so state.

8. These Requests are deemed to be continuing in nature so as to require prompt supplemental responses if You obtain or discover additional documents or information between the time of Your initial response to these Requests and the time of trial.

9. Unless otherwise indicated, the time period covered by these Requests is from January 1, 2010, through the present.

**DOCUMENT REQUESTS**

1. All documents within Your possession relating to the relationship between Caliber and Plaintiffs.

2. All documents within Your possession relating to the relationships between and among Caliber, on the one hand, and Bank of America, Countrywide, Ocwen, and/or LSF9.

3. All documents within Your possession relating to the relationship between Caliber and Elite Premier Properties/Elite REO Services (including appraiser Gerard Maddrey).

4. All communications between Caliber and Elite Premier Properties/Elite REO Services (including those with appraiser Gerard Maddrey) regarding the subject matter of this litigation, including all communications regarding the appraisals conducted for Scott and Arlene Korn and regarding the number of jobs that Caliber has referred to Elite REO/Gerard Maddrey both before and after the appraisals that were conducted for Scott and Arlene Korn.

5. All appraisal reports and documents for any and all appraisals conducted, on Caliber's behalf, for the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085.

6. All communications between You, in the capacity of your employment with Caliber, on the one hand, and Plaintiffs, Plaintiffs' former counsel David Lightman, Esquire, or any other attorney or person on behalf of Plaintiffs.

7. All communications between You, in the capacity of your employment with Caliber, and Clear Capital Vendor Support regarding Plaintiffs, any and all appraisals for the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085, and/or the subject matter of this litigation.

8. All communications relating to any and all requests made by any person to modify

any appraisal value(s)/report(s) for the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085.

9. All documents relating to any and all modifications of appraised value(s)/report(s) for the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085.

10. All documents within Your possession related to the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085.

11. All communications between You and LSF9 Master Participation Trust regarding the subject matter of this litigation.

12. All communications between You and Ocwen regarding the subject matter of this litigation.

13. All communications between You and Bank of America regarding the subject matter of this litigation.

14. All documents and communications within Your possession regarding Caliber's appraiser selection process and how Caliber came to have retained Elite Premier Properties/Elite REO Services (including appraiser Gerard Maddrey).

15. All documents within Your possession, in the capacity of your employment with Caliber, about other appraisers of residential real estate located within the Villanova, Pennsylvania geographic area.

16. All documents regarding Caliber's policies and procedures for complying with applicable state and federal laws which govern your industry.

17. All documents regarding Your qualifications and professional experience.

18. All documents within Your possession regarding the terms of the Settlement Agreement between Plaintiffs and Countrywide, entered into on November 17, 2010, and Caliber

Home Loan's performance under the Settlement Agreement.

19. All documents within Your possession regarding Caliber Home Loan's policies and procedures relating to ensuring compliance with settlement agreements reached between borrowers and predecessor organizations.

20. Caliber's Document storage, retention, and destruction policies, procedures and practices in place from November 1, 2010, to the present.

21. Caliber's efforts to preserve Documents relevant, or potentially relevant, to the claims or defenses asserted in this litigation, including, but not limited to, hard copies, electronic communications, and other electronically stored information.

22. Caliber's efforts to gather and turn over all Documents, electronically stored information, files, records, and other written materials either (i) produced by You/Caliber in connection with this Litigation or (ii) requested by Plaintiffs in this litigation.

23. As not otherwise set forth above, the subject matter of Plaintiffs' Complaint in this matter and Defendants' Answers with affirmative defenses thereto.

                                              MITTS LAW, LLC

Dated: February 10, 2020        /s/ Maurice R. Mitts
                                          Maurice R. Mitts, Esquire
                                          Attorney I.D. No. 50297
                                          Michael J. Duffy, Esquire
                                          Attorney I.D. No. 312459
                                          1822 Spruce Street
                                          Philadelphia, PA 19103
                                          (215) 866-0112 (telephone)
                                          (215) 866-0113 (facsimile)
                                          *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **SCOTT H. KORN** *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 2:19-cv-00226-CMR |
| **CALIBER HOME LOANS, INC.** *et al.*, | : |
| Defendants. | : |

## **CERTIFICATE OF SERVICE**

I, Maurice R. Mitts, Esquire, hereby certify that on February 10, 2020, I served a copy of the foregoing Notice of Subpoena with Exhibit A on Defendants Caliber Home Loans, Inc. and LSF9 upon the following counsel of record for Defendants via the Court's electronic filing system as set forth below:

> Robert C. Folland
> Barnes & Thornburg LLP
> 41 South High Street, Suite 3300
> Columbus, OH 43215
> Rob.Folland@btlaw.com
> *Attorney for Defendants*

*/s/ Maurice R. Mitts*
Maurice R. Mitts, Esquire