IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT H. KORN** *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 2:19-cv-00226-CMR |
| **CALIBER HOME LOANS, INC.** *et al.*, | : |
| Defendants. | : |

## NOTICE OF SUBPOENA TO CLEAR CAPITAL

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30 and 45, Plaintiffs Scott H. Korn and Arlene A. Korn, by and through their attorneys, Mitts Law, LLC, intend to serve a subpoena, in the form attached hereto, on Clear Capital on March 2, 2020, or as soon thereafter as service may be effectuated. The subpoena calls for the deposition of Clear Capital beginning at **10:00 a.m. on March 9, 2020**. The deposition will be taken upon oral examination before a notary public or other person authorized by law to administer oaths. The deposition shall be recorded by stenographic and/or videographic means at TransPerfect, 200 S. Virginia Street, 8th Floor, Reno, Nevada 89501. The deposition will continue from day to day until complete. The deponent shall bring with him the documents listed at **Exhibit A** attached hereto.

Dated: March 2, 2020

MITTS LAW, LLC
/s/ Maurice R. Mitts
Maurice R. Mitts, Esquire
Michael J. Duffy, Esquire
1822 Spruce Street
Philadelphia, PA 19103
(215) 866-0112 (telephone)
(215) 866-0113 (facsimile)
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT H. KORN** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **CALIBER HOME LOANS, INC.** *et al.*, <br><br> Defendants. | Civil Action No. 2:19-cv-00226-CMR |

I, Maurice R. Mitts, Esquire, hereby certify that on March 2, 2020, I served a copy of the foregoing Notice of Subpoena with Exhibit A on Defendants Caliber Home Loans, Inc. and LSF9 upon the following counsel of record for Defendants via the Court's electronic filing system as set forth below:

Robert C. Folland<br>
Barnes & Thornburg LLP<br>
41 South High Street, Suite 3300<br>
Columbus, OH 43215<br>
Rob.Folland@btlaw.com<br>
*Attorney for Defendants*

/s/ Maurice R. Mitts<br>
Maurice R. Mitts, Esquire

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| Scott H. Korn, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-cv-00226-CMR |
| Caliber Home Loans, Inc., et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Clear Capital, 300 E. 2nd Street, Suite 1405, Reno, Nevada 89501

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: TransPerfect, 200 S. Virginia Street, 8th Floor, Reno, NV 89501 | Date and Time: 03/09/2020 10:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Please see Exhibit A to the attached Notice of Subpoena.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/02/2020

CLERK OF COURT

OR

_____  /s/ Maurice R. Mitts
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Scott and Arlene Korn _____, who issues or requests this subpoena, are:
Mitts Law, LLC, Maurice R. Mitts, 1822 Spruce St., Phila. PA 19103. Ph: 215-866-0112, Email: mmitts@mittslaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:19-cv-00226-CMR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT H. KORN** *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 2:19-cv-00226-CMR |
| **CALIBER HOME LOANS, INC.** *et al.*, | : |
| Defendants. | : |

**EXHIBIT A TO NOTICE OF SUBPOENA
TO CLEAR CAPITAL**

**DEFINITIONS**

1. "Bank of America" or "Bank of America Homes Loans" refers to the division of Bank of America Corporation that acquired the residential home loans previously held by Countrywide Mortgage.

2. "Caliber Home Loans" or "Caliber" refer to Defendant Caliber Home Loans, Inc. and all predecessor organizations and assignors.

3. "Communication" or "communications" means any writing or any oral conversation, of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, electronic communications, electronic messages or transmittals of documents, and all notes or other documents concerning such writing or such oral conversation. The term "electronic communications" shall be construed in the broadest sense permitted and, in particular, includes all forms of e-mail with all related attachments, and shall include all non-identical copies thereof,

including all electronic communications sent through e-mail accounts. This further includes, but is not limited to:

    a. Text messages, including but not limited to SMS messages;

    b. Online instant messaging services, including but not limited to Facebook Messenger, Skype, Hangouts, Yahoo Messenger, Kik, Snapchat, WhatsApp, Viber and any proprietary or internal messaging system utilized by a party;

    c. Social media posts, including but not limited to Facebook, Google+, YouTube, Instagram, Twitter, LinkedIn, Tumblr and Reddit; and

    d. Any other online services or applications.

    e. This further includes every manner of transmitting or receiving facts, information, opinions, thoughts, or images from one person to another person, whether orally, including by voice recording (such as in a telephone voicemail system), or in writing.

4.   "Countrywide" refers to Countrywide Mortgage, which was acquired by Bank of America Corporation.

5.   The terms "document" or "documents", as used herein, mean the original and all copies of any written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your possession, custody and/or control, wherever located including, but not limited to, any and all writings, drawings, graphs, charts, photographs, electronic mail and other data processing files and computer readable records, programs, and all other data compilations or information stored electronically or digitally in any form from which information can be obtained, transcribed and/or translated. Any copy containing thereon or having attached thereto any alterations, notes, comments, or other material not included in the originals or copies

referred to in the preceding sentence shall be deemed a separate document within the foregoing definition. The term "documents" includes, but is not limited to:

(a) All contracts, agreements, letter agreements, representations, warranties, certificates and opinions (whether written or oral);

(b) All letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and other messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

(c) All memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, publications, compilations and opinions or reports of consultants;

(d) All electronically stored information, as defined below;

(e) All desk calendars, appointment books and diaries;

(f) All minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

(g) All reports and summaries of interviews and negotiations;

(h) All books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

  (i) All motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes (including without limitation analog or digital audio or video tapes using 8mm, DVD, VHS, standard cassette, or other recording formats) or other records, punch cards, magnetic tapes, discs, data cells, print outs and other data compilations from which information can be obtained; and

  (j) Drafts of any document, revisions of drafts of any document and original or preliminary notes.

6. The term "<u>electronically stored information</u>," as used herein, means all files, data, e-mails and attachments and any other information, which may be stored on hard drives, online services, cloud drives, social media services, cell phones, servers, off-site data backups, magnetic tapes (including without limitation computer or network back-up tapes and drives), data disks (including without limitation floppy disks, hard disks, removable disks, thumb drives, SD cards, compact discs, or DVDs), personal digital assistants, data cells, print-outs, and other data compilations from which information can be obtained. This term shall encompass active, archived and deleted e-mails, text messages and other electronically stored information or files.

7. "<u>LSF9</u>" refers to Defendant "LSF9 Master Participation Trust".

8. "<u>Ocwen</u>" means Ocwen Financial Corporation.

9. The term "<u>person</u>," as used herein, means any natural person, partnership, corporation, LLC or other business entity and all present and former officers, directors, agents, employees, attorneys and others acting or purporting to act on behalf of such natural person, partnership, corporation or other business entity.

10. "<u>Plaintiffs</u>" shall refer to Scott H. Korn and Arlene A. Korn.

4

11. The term "regarding" includes referring to, responding to, alluding to, concerning, analyzing, reflecting, commenting on, relating, relating to, discussing, showing, describing, reflecting, analyzing, constituting, including mentioning, comprising, bearing on, about, listing, evidencing, in respect of, pertaining to, touching on, affecting, and/or having any logical or factual connection, in whole or in part, directly or indirectly, with the subject matter within the paragraphs of this Notice.

12. "Settlement Agreement" refers to the November 17, 2010 confidential settlement agreement between Plaintiffs and Countrywide.

13. "You" and "Your" refer to Clear Capital.

### INSTRUCTIONS

1. You are requested to produce all documents designated below which are in Your possession, custody or control, or in the possession, custody or control of Your counsel or any other person or entity acting or purporting to act in concert with You or on Your behalf, wherever located.

2. In construing these Requests, You should give effect to the Definitions set forth above. The Definitions apply whether or not the defined term is capitalized in the request. Undefined words and terms should be given their common meaning. If You are unsure of the definition of a particular word or term, You should use the definition that You believe to be the most accurate and state that definition in Your response.

3. ESI should be produced in native form, with original metadata. Each production of ESI should be accompanied by a metadata load file that contains links to the produced files via "Native Link" data values, as well as the original file name, file path, and MD5 hash value for each produced file. Each native file should be renamed with a Bates number and delivered

sequentially without gaps. Any ESI that is not text searchable in native form should be rendered with OCR software to produce searchable text. Any hard copy documents scanned or otherwise converted to electronic form and produced in electronic form should be produced as single page TIFF images with document-level (multipage) searchable text (.TXT) files, rendered with OCR software. The source of the documents (*e.g.*, hard copy, scanned documents) should be identified. Load files for such productions should include document breaks which indicate the start and stop of each Document, and sequential Bates numbering without gaps.

  4. Each Document should be produced to include all attachments and enclosures referred to in that Document or originally attached to or enclosed with that Document.

  5. Should You withhold any documents or communications responsive to these Requests, You are requested to state the basis for withholding the documents and communications in a manner sufficient to enable Plaintiffs and the Court to evaluate the validity of Your withholding of such materials, including in the case of any documents and communications withheld on the grounds of privilege or work product, the following information for each document or communication:

   a. The Request to which the document is responsive;
   b. The title of the document;
   c. The date appearing on the document, and if no date appears thereon, so state and give the date, or approximate date, on which the document was prepared;
   d. The type or general nature of the document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.);
   e. The name, title, and affiliation of each person who prepared or assisted in

the preparation of the document;

f.  The name, title, and affiliation of each person who signed the document;

g.  The name, title, and affiliation of each person to whom the document was disclosed, including the person or persons to whom it was addressed and the person or persons to whom the document, or copies of the document, were sent;

h.  The name, title, and affiliation of the person or persons who maintain custody of the document; and

i.  The general subject matter of the document and the basis for withholding the document, in a manner sufficient for Plaintiffs and the Court to determine the validity of Your claim of privilege and/or work product.

6. If any document requested herein was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, You are directed to submit in lieu of each such document a written statement: (a) describing in detail the nature of the document and its contents; (b) identifying the person(s) who prepared or authored the documents and, if applicable, the person(s) to whom the document was sent or shown; (c) specifying, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of and reason(s) for such destruction and the person(s) requesting and performing the destruction, their employer(s) and positions.

7. Your response to each Request shall be set forth separately in writing. If, after a good faith, diligent search for the documents requested herein, You conclude that there never have been any documents in existence responsive to a particular Request, so state.

8. These Requests are deemed to be continuing in nature so as to require prompt

supplemental responses if You obtain or discover additional documents or information between the time of Your initial response to these Requests and the time of trial.

9. Unless otherwise indicated, the time period covered by these Requests is from January 1, 2010, through the present.

## DOCUMENT REQUESTS

1. All documents within Your possession relating to the relationship between You and Plaintiffs.

2. All documents within Your possession relating to the relationships between and among You and Bank of America, Countrywide, Caliber, Ocwen, and/or LSF9.

3. All documents within Your possession relating to the relationship between and among You and Gerard Maddrey.

4. All appraisal reports and documents for any and all appraisals You conducted for the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085.

5. All communications between You and Plaintiffs or any third party on behalf of Plaintiffs.

6. All Clear Capital communications regarding Plaintiffs, any and all appraisals for the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085, and/or the subject matter of this litigation.

7. All communications between You and Caliber, including all communications between you and Caliber's in-house legal department/Joseph Krause, regarding Plaintiffs, any and all appraisals of the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085, and/or the subject matter of this litigation.

8. All communications relating to all requests made to You by anyone to modify the

8

appraisal value/report for the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085.

9. All documents relating to any and all modifications of appraised value/reports for the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085.

10. All documents within Your possession related to the property located at 1233 Meadowbank Road, Villanova, Pennsylvania 19085.

11. All communications between You and LSF9 Master Participation Trust regarding the subject matter of this litigation.

12. All communications between You and Ocwen regarding the subject matter of this litigation.

13. All communications between You and Bank of America regarding the subject matter of this litigation.

14. All documents regarding the number of jobs/referrals You received from Caliber from 2010 through present, and the percentage of your business these comprised.

15. All documents and communications within Your possession regarding Caliber's appraiser selection process and how You came to be retained by Caliber.

16. All documents within Your possession about other appraisers of residential real estate located within the Villanova, Pennsylvania geographic area.

17. All documents regarding Your policies and procedures for complying with applicable state and federal laws which govern your industry.

18. All documents regarding Your qualifications and professional experience.

19. All documents within Your possession regarding the terms of the Settlement Agreement between Plaintiffs and Countrywide, entered into on November 17, 2010, and Caliber's

performance under the Settlement Agreement.

20. All documents within Your possession regarding Caliber's policies and procedures relating to ensuring compliance with settlement agreements reached between borrowers and predecessor organizations.

21. The relationship between Caliber and Clear Capital.

22. Your Document storage, retention, and destruction policies, procedures and practices in place from November 1, 2010, to the present.

23. Your efforts to preserve Documents relevant, or potentially relevant, to the claims or defenses asserted in this litigation, including, but not limited to, hard copies, electronic communications, and other electronically stored information.

24. As not otherwise set forth above, the subject matter of Plaintiffs' Complaint in this matter and Defendants' Answer with affirmative defenses thereto.

MITTS LAW, LLC

/s/ Maurice R. Mitts
Maurice R. Mitts, Esquire
Attorney I.D. No. 50297
Michael J. Duffy, Esquire
Attorney I.D. No. 312459
1822 Spruce Street
Philadelphia, PA 19103
(215) 866-0112 (telephone)
(215) 866-0113 (facsimile)
*Attorneys for Plaintiffs*

Dated: March 2, 2020