IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT H. KORN *et al.*,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 2:19-cv-00226-CMR |
| : | |
| **CALIBER HOME LOANS, INC. *et al.*,** : | |
| : | |
| Defendants. : | |
| : | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND CASE MANAGEMENT DEADLINES

Defendants Caliber Home Loans, Inc. and LSF9 Master Participation Trust (collectively "Caliber") oppose Plaintiffs' Motion to Extend Case Management Deadlines (the "Motion for Extension"). The additional discovery Plaintiffs seek is plainly irrelevant to their sole remaining claim, and Plaintiffs have failed to demonstrate good cause for the Motion for Extension. The Court should deny the Motion for Extension and leave in place the current case deadlines.

The case deadlines at issue are currently set as follows:

- March 9, 2020- Deadline to complete fact discovery
- April 8, 2020- Deadline for Plaintiffs to submit expert report
- May 8, 2020- Deadline for Defendants to submit expert report
- June 8, 2020- Deadline for dispositive motions

Scheduling Order, Dkt. 25, at 1.

Plaintiffs asserted five causes of action against Defendants—breach of contract, fraudulent misrepresentation, negligent misrepresentation, civil conspiracy, and violation of the Fair Credit Extension Uniformity Act ("FCEUA"). *See generally* Amended Complaint, Dkt. 9. Plaintiffs were very clear about the basis for each cause of action. As to breach of contract,

Plaintiffs claimed to have entered into a prior settlement agreement with a prior loan servicer in 2010, which Plaintiffs claim is binding on Caliber on LSF9. *Id.*, ¶¶ 36-37. Plaintiffs alleged that Caliber breached that settlement agreement in its handling of Plaintiffs' loan, specifically as to the amounts owed under the loan. *Id.*, ¶ 39. Plaintiffs' breach of contract claim never referenced any appraisals of Plaintiffs' property. *Id.*, ¶¶ 35-42. On the other hand, Plaintiffs' claims for fraudulent misrepresentation and negligent misrepresentation were both explicitly based on a 2017 broker's price opinion of their property purportedly conducted by Gerard Maddrey. *Id.*, ¶¶44-51, 54-61.

Following removal to this Court, Caliber filed a Motion to Dismiss, which this Court granted as to all claims with the exception of Plaintiffs' breach of contract claim. *See generally* Order, Dkt. 30. In doing so, the Court noted, correctly, that Plaintiffs' breach of contract claim was based on Caliber's alleged failure to perform under a 2010 settlement agreement with Countrywide Home Loans (the "Settlement Agreement"), while the appraisal of Plaintiffs' property in 2017 was the subject of Plaintiffs' dismissed fraudulent and negligent misrepresentation claims. *Id.* at 2-4.

Plaintiffs now claim that the 2017 broker's price opinion, and specifically, Caliber's alleged "manipulation of the valuation of Plaintiffs' property constitutes a breach of the parties agreement to mediate disputes arising from the 2010 settlement agreement between Plaintiffs and Defendants' predecessor in interest…" Motion for Extension, at 3 (citing Amended Complaint, Dkt. 9, ¶¶ 11, 38, 40. This is incorrect. Paragraphs 11 and 38 simply allege, as part of a list of the provisions of the purported 2010 settlement agreement, that "the parties agreed to a further JAMS mediation before Judge Diane Welsh in the event of a dispute." Amended Complaint, Dkt. 9, ¶¶ 11, 38. Paragraph 40 states generally "Caliber's breaches of the Confidential

Settlement Agreement constitute material breaches." *Id.*, ¶ 40. Nowhere in the Amended Complaint do Plaintiffs state that Caliber committed a breach of contract by failing to mediate in good faith. In fact, in Paragraph 39, in between two of the paragraphs on which Plaintiffs now rely, Plaintiffs state the basis on which they allege Defendants breached the contract, "Caliber, as the servicer for LSF9 for the loan, failed to reduce the interest and the monthly payments due on the Loan, and to reset the escrow balances to zero." *Id.*, ¶ 39. Thus, these are the only alleged breaches at issue in Plaintiffs' breach of contract claim.

Following the Court's ruling on the Motion to Dismiss, the parties filed a Rule 26(f) report. In that report, Plaintiffs requested a fact discovery deadline of May 6, 2020, while Defendants requested a fact discovery deadline of February 7, 2020. Report of Rule 26(f) Meeting, Dkt. 24, at 3. The Court compromised, and set a fact discovery deadline of March 9, 2020, which gave the parties approximately 120 days to conduct fact discovery. Scheduling Order, Dkt. 25, at 1. Now, in the Motion for Extension, Plaintiffs seek to extend the deadline for fact discovery to May 8, 2020, almost exactly the same fact discovery deadline Plaintiffs sought at the outset. However, the Court correctly recognized that the case did not warrant such a lengthy discovery period, and nothing that has occurred since then suggests otherwise.

I. Discovery in This Case

Caliber served written discovery requests on Plaintiffs on November 6, 2019. Plaintiffs responded to that discovery on December 6, 2019 and provided an initial production of documents on December 23, 2019, and an additional production on January 2, 2019. Plaintiffs served written discovery requests on Caliber on November 26, 2019. Caliber requested, and Plaintiffs granted, an extension to respond to the written discovery requests, which otherwise

3

would have been due December 26, 2019. Caliber then served written discovery responses on Plaintiffs on January 17, 2019 and provided its document production on January 28, 2019.

The parties then began conducting depositions, with Caliber deposing Mr. Korn on January 29, 2019. Plaintiffs deposed a Caliber corporate representative on February 19, 2020. Caliber deposed Mrs. Korn on February 26, 2020 and Plaintiffs deposed Gerard Maddrey on February 27, 2020.

The two purportedly outstanding discovery issues are both related to the 2017 broker's price opinion and/or the mediation between the parties and not to the issues germane to Plaintiffs' breach of contract claim. *See generally* Motion for Extension, Exs. A, C-D. There is no need for the Court to extend the discovery deadline simply to allow Plaintiffs to pursue this fishing expedition.

The first purported outstanding discovery issues are a subpoena issued to Joseph Krause, a Caliber in-house attorney. The subpoena to Mr. Krause was served on or about February 13, 2020, and sought a deposition that was to occur March 3, 2020 in Dallas, Texas. Caliber, along with Mr. Krause, has sought to quash that deposition in the Northern District of Texas. *See generally* Motion to Quash, attached as Exhibit A to Motion for Extension. That motion remains pending and will be fully briefed as of March 20, 2020.

The second purported pending discovery issue is Plaintiffs' claim that Caliber failed to sufficiently respond to written discovery requests. Plaintiffs first raised this in a letter sent March 6, 2020 (the last business day prior to the fact discovery deadline), and roughly 50 days after Caliber served its discovery responses and roughly 40 days after Caliber made its document production. See generally Exs. C-D to Motion for Extension. To date, Plaintiffs have not made any further effort to engage in a meet and confer regarding Caliber's discovery responses.

II.     Law and Argument

Case deadlines set in a scheduling order may be modified "only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). To demonstrate good cause, "the moving party must demonstrate that a more diligent pursuit of discovery was impossible." *Alexiou v. Moshos*, No. 08-5491, 2009 WL 2913960 (E.D. Pa. Sept. 9, 2009). The "good cause" standard under Rule 16(b) is evaluated in accord with the "good cause" standard under Civil Rule 6, which looks at whether the request for extension was filed before the deadline which the request seeks to extend. *Taylor v. Shields*, No. 13-2241, 2016 WL 9775022, at *1, fn. 1 (E.D. Pa. October 21, 2016). Generally speaking a motion to compel discovery which is filed after the discovery deadline is untimely. *Flynn v. Health Advocate, Inc.*, No. CIV.A.03-3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005). When a party demonstrates good grounds to take a deposition after the expiration of the discovery period, courts have granted an extension of the discovery deadline for the limited purpose of taking that deposition. *See generally Aamco Transmission, Inc. v. Marino*, Civ. A Nos. 88-5522, 88-6197, 1991 WL 40336 (E.D. Pa. March 19, 1991).

Plaintiffs have entirely failed to meet this standard as to either of the purported discovery issues which Plaintiffs claim necessitate an extension of the case deadlines. Caliber denies that the responses are deficient in any way and incorporates herein the arguments set forth in Caliber's response to Plaintiffs' March 6, 2020 discovery deficiency letter, attached as Exhibit D to the Motion for Extension. Even setting that aside, Plaintiffs cannot demonstrate good cause in seeking this extension because Plaintiffs cannot show that it was "impossible" for them to more diligently pursue this purported issue.

The fact discovery deadline is the operative deadline for Plaintiffs to file a motion to compel as to any deficiency discovery requests. *Flynn v. Health Advocate, Inc.*, No. CIV.A.03-

3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005). To do so, Plaintiffs would be required to certify that they had "conferred or attempted to confer…" with the party from whom additional discovery is sought. Fed. R. Civ. P. 37(a)(1). A meet and confer generally requires "substantive […] discourse" between the parties as opposed to a unilateral demand from one party for additional information from the other party. *United States v. Abbot Laboratories*, No. 09-CV-4264, 2016 WL 4247429, at *3-*4 (E.D. Pa. August 11, 2016). Plaintiffs did not even begin this process until March 6, 2020, the last business day before the March 9, 2020 fact discovery deadline. *See* Ex. C to Motion for Extension. Plaintiffs claim that they need to extend the fact discovery deadline because the purported issues concerning Caliber's discovery responses "have not yet been resolved either by way of agreement of the parties or motion practice before this Court." Motion for Extension, at 4. But the time to do so has passed, and Plaintiffs do not present a sufficient argument as to why they failed to raise this issue until, quite literally, the 11th hour. Plaintiffs claim only that their review of Caliber's document production was delayed because of the manner in which Caliber produced its document production. *Id.* at 3. But this does not explain Plaintiffs' delay in waiting roughly 50 days to raise purported issues in Caliber's discovery responses. Furthermore, Plaintiffs never raised this purported concern regarding the logistics of Caliber's document production until the March 6, 2020 letter. Plaintiffs could have, and should have, raised these purported issues sooner, and their failure to do so does not justify extending the fact discovery deadline.

The same is true for the subpoena to Mr. Krause. Plaintiffs referenced Mr. Krause in the Amended Complaint, which was filed in April 2019. Yet the Plaintiffs waited to serve a subpoena on Mr. Krause until February 2020, less than 30 days before the expiration of fact discovery, and attempted to set the deposition for March 3, 2020, just six days before the

expiration of fact discovery. Caliber and Mr. Krause moved to quash the subpoena on February 24, 2020. Motion for Extension, at 3; Motion for Extension, Ex. A. Even then, Plaintiffs waited more than two weeks, until March 12, 2020, and after the extension of the fact discovery deadline, to file the Motion for Extension. *See generally* Motion for Extension. Furthermore, to the extent that the subpoena to Mr. Krause is not quashed, Mr. Krause will respond to the subpoena in accordance with the order(s) of the Northern District of Texas. However, any extension to the fact discovery deadline should be a limited extension solely related to Mr. Krause's subpoena, as this Court has done previously. *See generally Aamco Transmission, Inc. v. Marino*, Civ. A Nos. 88-5522, 88-6197, 1991 WL 40336 (E.D. Pa. March 19, 1991). Any proceedings related to that deposition do not provide a basis to extend all fact discovery, or even more broadly to extend other case dates established by this Court.

III.     Conclusion

For the reasons stated herein, Caliber respectfully requests that the Court deny the Motion for Extension and leave in place the current case deadlines.

Respectfully Submitted,

*/s/ Robert C. Folland*
Robert C. Folland (PA No. 320318)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, OH  43215
614-628-1429 (Office)
614-628-1433 (Facsimile)
Rob.Folland@btlaw.com
*Counsel for Defendants*
